UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE KEY HENDERSON,

    Plaintiff,

v.                                                      Case No: 8:22-cv-1714-KKM-AAS

EQUIFAX INFORMATION SERVICES
LLC, TRANSUNION, LLC &
EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.
_____

## ORDER

Plaintiff Jamie Key Henderson alleges that the defendants violated provisions of the Fair Credit Reporting Act. Upon review the Court concludes that Henderson's Complaint constitutes an impermissible shotgun pleading because it fails to separate each claim into a separate count.

Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or

which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Henderson's Complaint is a shotgun pleading because it fails to separate into different counts each cause of action or claim for relief. For example, in one count, she alleges that "TransUnion's conduct, action, and inaction was willful, rendering it liable . . . pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o." (Doc. 1 ¶ 87). These are two different claims and should be separated into two different counts.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

(2) By **September 16, 2022**, Plaintiff may file an amended Complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file an amended complaint by this deadline will result in dismissal of the action without further notice.

**DONE AND ORDERED** at Tampa, Florida, on August 18, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record.